## JAMES McGIBBENY v. JEFFERSON GAS CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 3, 1890—Decided January 5, 1891.

1. An appeal from an order refusing to set aside an execution for costs
will be dismissed, when there is nothing upon the face of the plaintiff's
bill, nor on the record itself, showing what portion of the costs claimed,
if any, were uncollectible.
2. If any portion of the costs was recoverable, the plaintiff was entitled
to his execution to collect them; and, if the defendant had cause to com-
plain of any of the items, it was his duty to have them taxed by pro-
ceedings in the court below.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 150 October Term 1890, Sup. Ct.; court below, No. 136
July Term 1890, E. D., sur No. 474 April Term 1889, A. D.
C. P. No. 1.

On July 5, 1890, the Jefferson Gas Company presented its
petition, setting forth that it was a corporation organized un-
der the act of May 29, 1885, P. L. 29, for the purpose of sup-
plying natural gas to the public; that the petitioner had
entered upon the land of James McGibbeny, in Baldwin town-
ship, and occupied a strip through it as a right of way for its
pipe line; that upon the petition of said McGibbeny viewers
were appointed by the court to assess damages, and from their
award an appeal was taken, which appeal was tried before a
jury and a verdict rendered for the plaintiff for the sum
of $820; that the amount of said verdict, with interest, had
been paid by the defendant, but the defendant had not paid
the plaintiff's bill of costs, nor any other costs, and for the col-
lection of plaintiff's costs, plaintiff had issued execution. Be-
lieving that the defendant was not liable for said costs, or
any part thereof, the petitioner prayed that said execution "be
stayed and finally set aside and dismissed." Rule to show
cause granted.

No answer was filed by the respondent. The docket entries,

printed in the paper-books, showed that an award of the viewers in the proceedings referred to was filed on May 29, 1889, and on the same day the defendant appealed; that at the trial of the appeal, on May 23, 1890, the jury returned a verdict for the plaintiff for $820; that, a rule for a new trial having been discharged, judgment was entered on the verdict on July 2, 1890; that afterwards an execution was issued for the docket costs of the plaintiff's attorney, the prothonotary's fees, and the plaintiff's bill, the latter stated to be $72.30.

The matter having been argued, the court on July 12, 1890, filed an opinion citing § 10, act of May 29, 1885, P. L. 33; Phila. etc. R. Co. v. Johnson, 2 Wh. 275, and concluding:

The liability for ordinary costs (witness fees before viewers excepted) in this character of proceeding, does not appear to have been questioned. The inquiry seems chiefly to have been confined to the right to collect fees for witnesses before viewers. It is evident that when the cases come into court for a trial by jury the character of the litigation is changed, the mode by which the damages are to be ascertained has assumed a new form, and the laws by which the rights of the parties are determined are materially different. The case is then under the laws and subject to the rules for the government of jury trials, as in ordinary cases; so made by the act of 1885 itself.

And now, to wit, July 12, 1890, rule discharged.

—Thereupon the defendant took this appeal assigning the order discharging the rule for error.

*Mr. John D. McKennan*, for the appellant.

*Mr. E. F. Hays* (with him *Mr. T. A. Noble*), for the appellee.

PER CURIAM:

This was an appeal from the order of the court below refusing to stay an execution for costs. A jury had been appointed to assess damages for land taken by the defendant company by virtue of the right of eminent domain. The jury made an award, which was appealed from, and a trial had in the Common Pleas. The defendant paid the award, but refused to pay the costs; whereupon the plaintiff issued an ex-

Statement of Facts.

ecution therefor, which the court refused to stay. It was alleged that, as no costs are given by statute, none can be recovered.

It was practically conceded upon the argument at bar that, so far as the trial in court was concerned, the costs would follow as a legal incident of the judgment, and this was probably the correct view. The costs for which the execution issued were made up of attorney's fee, prothonotary's costs and plaintiff's bill, the latter amounting to $72.30. There was nothing upon the face of the bill, nor in the record itself, to show what portion, if any, of plaintiff's bill was for costs before the jury for assessing damages. If any portion of the costs was recoverable, the plaintiff was entitled to his execution to collect them. If the defendant had cause to complain of any of the items, it was its duty to have the bill taxed in the court below, and the wheat separated from the chaff. There is nothing before us to enable us to do this, even were we inclined to, which we are not.

> The appeal is dismissed, at the costs of the appellant.