Submitted on briefs March 5, reversed and remanded May 20, 1976

# NIEDERMEYER, *Appellant,*
*v.*
# DUSENBERY et al, *Respondents.*

549 P2d 1111

Bruce J. Rothman, Portland, filed briefs for appellant.

John R. Faust, Jr., of Hardy, Buttler, McEwen, Weiss & Newman, Portland, filed a brief for respondents.

HOLMAN, J.

## HOLMAN, J.

This is an action for legal malpractice. Plaintiff appeals from an order dismissing his complaint after the trial court sustained a demurrer thereto which was based upon the statute of limitations.

The facts are assumed to be those alleged in plaintiff's complaint. In August 1968 defendants represented plaintiff in the sale of plaintiff's interest in a corporation in which plaintiff received as consideration therefor assets of the corporation. Defendants are alleged to have negligently represented plaintiff in that they failed to secure the proper approval of the directors and stockholders of the company to the transfer of the assets of the corporation to plaintiff. In April 1971 the corporation commenced litigation seeking recovery for assets of the corporation which had been transferred to plaintiff. Pursuant to such action, judgment was entered against plaintiff for $900,000 and plaintiff incurred $106,000 litigation expense in defense of the action. The present action for malpractice was commenced in August 1974.

The applicable statute of limitations is ORS 12.110(1) and provides for a two-year limitation. *U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976). The issue is when the action accrues since that is the time the limitation period commences to run. ORS 12.010.

The legal problems are identical with those decided in *U.S. Nat'l Bank v. Davies, supra,* and the decision there is controlling here. We held that in a negligence case the statute of limitations could never commence to run until the occurrence of the harm. However, we also held that even though damage was inflicted and harm incurred when the plaintiff was forced to assume the expense of hiring counsel to defend the claim more than two years prior to the commencement of the plaintiff's action, the statute should not commence to run until such time as it appeared reasonably probable

that the cost of litigation was caused by the defendants' negligence rather than by a misapprehension of the corporation as to its legal rights.

There are no allegations in plaintiff's complaint which demonstrate *as a matter of law* that plaintiff should reasonably have been aware, at a time within which his claim would have been vulnerable to the statute, that his necessity to defend the action was caused by defendants' negligent advice. The following language from *U.S. Nat'l Bank v. Davies, supra* at 669, is appropriate:

> "When this case is tried, it might be shown that the outcome of the claim made against decedent [actual plaintiff] was so crystal clear that upon securing legal advice decedent immediately knew either that he had a valid claim against defendants or that he did not; or, it might appear that no one could tell for certain whether the claim was good or bad. There is nothing about the filing of the claim against decedent together with the passage of any arbitrary lengths of time which, *as a matter of law,* demonstrates that decedent should have been aware at a time which makes the claim vulnerable to the statute that his necessity to defend the action was caused by defendants' advice. * * *." (Emphasis in original.)

The judgment of the trial court is reversed and the case is remanded for further proceedings.