Argued February 20, reversed April 23, reconsideration
denied by opinion, 40 Or App 647, 595 P2d 1385, June 18, 1979

## DOWERS FARMS, INC., *Respondent,*
*v.*
## LAKE COUNTY, OREGON, *Appellant.*
### (No. 8427, CA 11232)
593 P2d 1207

G. Kenneth Shiroishi, Portland, argued the cause for appellant. On the brief was Howard K. Beebe, Portland.

James H. Phelps, Madras, argued the cause and filed the brief for respondent.

[685]

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

Plaintiff, a potato farmer, brought this trespass action for loss of a crop under the Tort Claims Act, ORS 30.260 to 30.300, against defendant Lake County alleging that an herbicide sprayed by defendant on a roadside drifted onto adjacent land belonging to the plaintiff. Defendant filed demurrers alleging (1) failure to commence the action within the Tort Claims Act's statute of limitations, and (2) failure to state a cause of action for lack of the written notification required by the Act. Defendant also moved for a directed verdict on the latter ground. The trial court overruled the demurrers, denied the motion for a directed verdict, and gave judgment for plaintiff. Defendant appeals the judgment assigning as error the overruling of its demurrers and the failure to grant its motion for a directed verdict.

ORS 30.275 provides:

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than

herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice.

"* * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. * * *"

The relevant dates are as follows:

- On March 11, 1975, the county sprayed the road with an herbicide.

- Sometime within the first two weeks of June defendant planted his potato crop.

- On July 15, 1975, plaintiff discovered the damage when a portion of his potato crop came up deformed.

- Sometime between July 15 and August 18, 1975, plaintiff gave oral notice of a possible claim to the administrative assistant of the Lake County Commissioners.

- On August 18, 1975, plaintiff sent written notice to the roadmaster of Lake County.

- On June 14, 1977, this action was commenced.

Whether plaintiff commenced his action within the two-year statute of limitations prescribed by ORS 30.275(3) depends on when plaintiff's cause of action is deemed to have accrued. If his cause of action accrued on the date of the spraying, March 11, 1975, plaintiff commenced his action too late. But if plaintiff is to be given a reasonable opportunity to discover the damage, his commencement of his action was timely. In *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), a medical malpractice case, the Supreme Court construed the ambiguous language of ORS 12.010 and

12.110(1)[1] to allow plaintiff a reasonable opportunity to discover hidden injuries. The rationale for that construction was the court's unwillingness in the absence of a clear indication of legislative intention "[t]o say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her." 245 Or at 312.

If ORS 30.275(3) were ambiguous, the rationale of *Berry* might lead us to the same construction. However, the language is not ambiguous. ORS 30.275(3) provides that no action shall be maintained unless it is "commenced within two years after the date of such accident or occurrence." The words "accident or occurrence" were inserted in 1969 to replace the former phrase "loss or injury." *See* Or Laws 1969, ch 429, §§ 2 and 3. The statutory language plainly requires that we measure the limitations period from the incidence of the cause of injury, *i.e.,* the date of the spraying. Where the meaning of the statute is plain and unambiguous we do not resort to construction.[2]

Reversed.

---

[1] ORS 12.010 provides:

"Actions at law shall only be commenced within the period prescribed in this chapter, after the cause of action shall have accrued * * *."

ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

[2] In light of this disposition, we do not deal with whether there was substantial compliance with the 180-day notice requirement.