Argued April 25, affirmed June 18, reconsideration
denied July 24, petition for review allowed September 11,
1979, see later issue of Oregon Reports

ADAMS, *Appellant,*
*v.*
OREGON STATE POLICE, et al, *Respondents.*
(No. 76-06-08194, CA 11811)

596 P2d 588

[722]

Ron D. Ferguson, Tualatin, argued the cause and submitted the brief for appellant.

Michael A. Lehner, Portland, argued the cause for the respondent. With him on the brief were Bruce L. Mowery and Hershiser, Mitchell, Mowery & Davis, Portland.

J.W. Darr, Hillsboro, waived appearance for respondents Dawson and Cedar Hills Towing.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

Plaintiff brought an action in negligence against defendants Oregon State Police [OSP] and Greg Dawson and Nancy Dawson, doing business as Cedar Hills Towing, arising out of the towing of his vehicle. He appeals from the trial court ruling sustaining OSP's demurrer to his third amended complaint for plaintiff's failure to comply with the notice provisions of the Tort Claims Act, ORS 30.275(1). He also assigns error to an instruction given to the jury during the trial against Cedar Hills Towing, which resulted in a judgment against plaintiff. We affirm.

Insofar as pertinent to this appeal, plaintiff's third amended complaint alleges the following. On or about May 5, 1975, defendant OSP, acting through Trooper McGraw, who was on duty at that time, and defendants Greg Dawson and Nancy Dawson, doing business as Cedar Hills Towing, acting through their agent in the scope of his duty, caused plaintiff's vehicle to be towed. On or about May 6, 1975, plaintiff contacted OSP, which denied responsibility for towing the vehicle. On January 23, 1976, the vehicle was returned to plaintiff. That event was plaintiff's first notice that OSP was responsible for the towing. On or about February 24, 1976, "demand was made upon the Oregon State Police and Cedar Hills Towing for damages incurred through defendants' actions." In causing the towing and storage of the vehicle, OSP was negligent in one or more of the following particulars:

> "1. In failing to notify the plaintiff from May 5, 1975, until January 23, 1976, that his vehicle had been towed.
> "2. In failing to record the towing of the vehicle in Trooper McGraw's personal notebook.
> "3. In failing to file a report covering the towing of said vehicle.
> "4. In failing to log the towing of said vehicle.
> "5. In failing to record the towing of the vehicle into the Law Enforcement Data System.

[723]

"6. In failing to give information of the towing to the plaintiff upon inquiry from on or around May 6, 1976 [sic] until January 23, 1976."

Plaintiff also alleged various acts of negligence on the part of Cedar Hills Towing. He prayed for general, special and punitive damages.

■■ The first issue is whether plaintiff complied with ORS 30.275(1) and (3), which provide:

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.330 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded * * *."

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence * * *."

Pleading of notice is jurisdictional. *Johnson v. Smith,* 24 Or App 621, 546 P2d 1087, *rev den* (1976). Plaintiff's third amended complaint does not allege compliance with the notice requirement. Neither the allegation that plaintiff "contacted" OSP on or about May 6, 1975, concerning his vehicle, nor the allegation that plaintiff made "demand" upon OSP for damages on February 24, 1976, states that plaintiff gave OSP *"written notice* stating the time, place and circumstances [of the alleged loss or injury]." ORS 30.275(1). (Emphasis added.)

■ Plaintiff, citing *Hall v. City of Hillsboro,* 29 Or App 161, 562 P2d 597 (1977), argues that the 180 day notice period commences when the cause of action accrues. He then contends that under common law principles governing the accrual of a cause of action in negligence, his cause of action accrued January 23,

[724]

1976, the date upon which he was first aware of OSP's responsibility for the towing, rather than May 5, 1975, the date of the towing, or May 6, 1975, the date he contacted OSP and was informed that OSP was not responsible for towing his vehicle. If we accept plaintiff's arguments, then the demurrer was improperly sustained. The record discloses that plaintiff's original complaint was served on OSP June 16, 1976, less than 180 days after January 23, 1976. That complaint satisfied ORS 30.275(1), insofar as it stated the time, place and circumstances of the alleged loss, the plaintiff's name and that of the attorney, and the relief demanded. Although plaintiff did not plead this notice, such pleading would be "unnecessary and superfluous, * * * inasmuch as the complaint on its face satisfies the notice requirement." *Yunker v. Mathews,* 32 Or App 551, 577, 574 P2d 696 (1978). We turn to the plaintiff's contentions as to the date his cause of action accrued.

■ First, plaintiff contends that, if the defendant's negligence is latent, the cause of action does not accrue until the plaintiff has had a reasonable time to discover the negligence. In *Hall v. City of Hillsboro, supra,* we expressly declined to decide whether under ORS 30.275(1), a plaintiff should be given a reasonable opportunity for discovery. We held, however, that "both the 180 day notice period and the two year statute of limitations [ in ORS 30.275(3)] run from the same date." 29 Or App at 164. In *Dowers Farms, Inc., v. Lake County,* 39 Or App 685, 593 P2d 1207 (1979), we held that the two year limitations period is not tolled to give plaintiff a reasonable opportunity for discovery. In that case, we held that the two year limitations period commences upon the "accident or occurrence." It follows that under ORS 30.275(1) the accrual of a cause of action is not delayed to give a plaintiff a reasonable period for discovery.[1] A contrary

---

[1] In *Dowers Farms,* we contrasted the phrase "accident or occurrence," which governs the accrual of the cause of action for purposes of the two

holding could lead to the absurd situation where although a person's notice was timely, the statute of limitations had run on his cause of action. We decline to construe the statute in such a manner.

■ Plaintiff contends that OSP committed continuing neligence until January 23, 1976, so that his cause of action did not accrue until that date. Plaintiff's specifications of negligence in his third amended complaint, set out above, concern OSP's failure to notify plaintiff of the towing and failure to make a record of the towing. He argues that under *Hotelling v. Walther,* 169 Or 559, 130 P2d 944 (1942), those actions constitute continuing negligence. *Hotelling v. Walther* involved an action against a dentist for malpractice arising out of a continuous course of treatment. The court held that the statute of limitations began to run from the last date of the continuous negligent treatment. *See also Shives v. Chamberlain,* 168 Or 676, 126 P2d 28 (1942). Here in contrast, "[n]o continuous or repeated acts of negligence are involved." *Industrial Plating Co. v. North,* 175 Or 351, 356, 153 P2d 835 (1944). In *Industrial Plating Co. v. North,* plaintiff sued the constable of Multnomah County for wrongful seizure of plaintiff's property. The constable failed to make a return for nearly two years. The court held that the statute of limitations began to run at the time of the wrongful seizure, noting that after the property was seized, it was stored and the constable took no further action with respect to it. The present case thus bears some resemblance to *Industrial Plating Co. v. North.*

year limitations period of ORS 30.275(3), with the phrase "loss or injury" which governs accrual for purposes of the 180 day notice period of ORS 30.275(1). We note that the pertinent language in *Dowers Farms* may, in isolation, give rise to the inference that ORS 30.275(1) allows for a discovery period. *Dowers Farms* was not intended to carry such an implication, but rather to demonstrate that any possible ambiguity in the phrase "loss or injury" as formerly used in ORS 30.275(3) had been eliminated by the substitution of the phrase "accident or occurrence."

[726]

In that case, however, the court qualified its holding with the following statement:

> "We do not mean to say that the stautute of limitations would not, under any factual situation, commence to run from the time of the officer's return. In some cases it is plain that the injury would result from the failure of the sheriff or constable to make the return in the time provided by statute." 175 Or at 355.

Similarly, in the present case, plaintiff's injury arose from OSP's failure to inform him that it was responsible for the towing of his vehicle. Thus, *Industrial Plating Co. v. North* does not settle the issue.

In *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971), plaintiffs sued for damages for the negligent construction of a roof. The complaint alleged that defendants' negligence consisted in part of defendants' failure to warn plaintiffs of the hazards, which negligence continued up to the time the roof collapsed. Therefore, they contended, their cause of action did not accrue until the collapse, 17 years after the original construction. The applicable limitations period was 10 years. The court rejected plaintiffs' argument, stating that the fundamental wrong was the negligent construction and that any continuing duty of defendants to rectify the wrong, in the absence of an active, continuous relationship between the parties, would not permit plaintiffs to avoid the limitations period.

In the present case, the fundamental wrongs as alleged by plaintiff were OSP's failure to record the fact that plaintiff's vehicle had been towed and OSP's failure to notify plaintiff that OSP was responsible for the towing. As in *Industrial Plating Co. v. North, supra,* after OSP towed the car, the car was stored and OSP took no further action until January 23, 1976. Under the rationale of *Josephs v. Burns & Bear, supra,* any continuing duty on OSP's part to rectify its errors does not allow plaintiff to avoid the 180 day notice period.

[727]

■ Finally, plaintiff contends that OSP concealed its negligence from plaintiff so that the notice period did not begin to run until plaintiff discovered the negligence on January 23, 1976. Even if we assume that the 180 day notice period would be tolled by the concealment,[2] plaintiff cannot prevail. Under *Fehl v. Horst,* 256 Or 518, 474 P2d 525 (1970), concealment requires an intent to deceive or defraud. Plaintiff did not allege such an intent.

We conclude that plaintiff's cause of action accrued no later than May 6, 1975, the date he allegedly contacted OSP concerning the towing. His third amended complaint did not allege that he gave OSP notice within 180 days of that date as required by ORS 30.275(1). Therefore, the trial court properly sustained OSP's demurrer to plaintiff's third amended complaint.

■ Plaintiff next assigns error to the following jury instruction given at the close of the trial against Cedar Hills Towing:

"The law of Oregon requires that if a vehicle is removed and held by or at the direction of the Department of State Police, the Department of State Police shall forthwith provide the appropriate sheriff with a statement as to the place where the vehicle is being held and any other available information as to the ownership of the vehicle. The appropriate sheriff is then required to make a reasonble effort to ascertain the name and address of the legal owner or owners or the persons entitled to possession of the vehicle and to notify them of the location of the vehicle. However, there is no similar statutory duty in Oregon requiring the Cedar Hills Towing Company to file such a report or to give such notices."

---

[2] In *Fry v. Willamalane Park & Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971), we construed an earlier version of ORS 30.275(1), holding that the 45 day notice period was not a statute of limitations. Rather, the giving of the notice within that period was a condition precedent to the bringing of an action. We concluded that the notice period was not tolled during an injured boy's minority.

The instruction appears to paraphrase ORS 483.384 pertaining to towing of abandoned vehicles. Trooper McGraw, the officer who initiated the tow, testified that the vehicle was towed as a hazard rather than as an abandoned vehicle. Plaintiff thus argues that the instruction was in error because (1) the instruction improperly stated OSP's statutory duty under the circumstances involved in the case, and (2) OSP was not a party to the case so that the instruction, insofar as it referred to OSP, went beyond the issues presented. Plaintiff contends:

> "The prejudice of such an instruction is obvious. The jury could clearly decide the missing party, i.e., the Oregon State Police, was the negligent party for failing to comply with the statutory duty and exonerate Cedar Hills Towing from any negligence."

We disagree. The trial court also instructed the jury:

> "Many factors, or the conduct of two or more persons, may operate concurrently, either independently or together, to cause an injury: and in such case each may be a cause of damage even though other factors or conduct would of themselves have been sufficient to cause the same damage."

This instruction informs the jury that even if they considered OSP to have acted negligently, Cedar Hills Towing, the sole defendant before the jury, was not thereby free of liability. Plaintiff does not assert that the instruction was in error as to the lack of any statutory duty on the part of Cedar Hills Towing to report the tow. Assuming without deciding that the trial court erred in instructing the jury on OSP's statutory duties, we hold that any error was harmless.

Affirmed.