Argued and submitted October 1, 1979, reversed
and remanded for further proceedings in the trial court
consistent with this opinion June 3, 1980

# ADAMS,
*Petitioner,*

*v.*

# OREGON STATE POLICE, et al,
*Respondents.*

(TC 76-06-08194, CA 11811, SC 26367)

611 P2d 1153

Ron D. Ferguson, Tualatin, argued the cause and filed the brief for petitioner.

Michael A. Lehner, Portland, argued the cause for respondent Oregon State Police. With him on the brief were Bruce L. Mowery and Hershiser, Mitchell, Mowery & Davis, Portland.

No brief was filed for respondent Cedar Hills Towing.

LENT, J.

## LENT, J.

Two issues are presented in this action under ORS 30.260 to 30.300 (Tort Claims Act) for damages resulting from negligence of the Oregon State Police (herein "OSP").[1] The first issue is whether the 180 day notice period prescribed by ORS 30.275(1) commences from the date of the incident precipitating plaintiff's injury or from the date plaintiff discovers the identity of the tortfeasor. We hold it commences on the date of discovery.[2] The second issue is whether the allegation that "demand was made upon the Oregon State Police * * * for damages incurred" is sufficient to plead that notice was caused to be presented under ORS 30.275(1) and (3). We hold that it is sufficient.

ORS 30.275(1) provides that one who claims damages under the Tort Claims Act

"shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice"

ORS 30.275(3) provides:

"No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence * * *."

---

[1] The action was also prosecuted, but not under the Tort Claims Act, against two other persons doing business as a towing company. The cause was tried against those defendants, who had verdict and judgment. Plaintiff appealed, assigning error in the giving of a certain instruction to the jury. The Court of Appeals affirmed, holding that if the claimed error is assumed, it was harmless. *Adams v. Oregon State Police,* 40 Or App 721, 721-729, 596 P2d 588 (1979). We agree and give no further consideration to that claim of error.

[2] In written argument in the trial court in support of the demurrer and in its brief in the Court of Appeals, OSP urged that plaintiff should have expended time and money to discover the identity of the party responsible for the towing. This argument is not a part of the demurrer itself. The argument attempts to urge that plaintiff cannot prevail because he "should have known" the tortfeasor's identity earlier than he did. The facts of this case as established by the general demurrer to the complaint do not present a question as to whether plaintiff, in the exercise of reasonable care, should have identified the tortfeasor earlier than he did. We have no occasion to consider the effect that factor would present if present.

Plaintiff appealed from a judgment for OSP entered when plaintiff declined to plead over after OSP's demurrer to plaintiff's third amended complaint (herein "complaint") was sustained. On appeal, sustaining of the demurrer was assigned as error. The Court of Appeals affirmed. *Adams v. Oregon State Police,* 40 Or App 721, 596 P2d 588 (1979). We allowed plaintiff's petition for review, ORS 2.520, 287 Or 355 (1979), primarily to consider the first issue posed above.

The facts are established by the complaint as admitted by the demurrer. On May 5, 1975, OSP caused plaintiff's vehicle to be towed without his knowledge. On May 6, 1975, plaintiff "contacted" OSP, who denied that OSP was responsible for the towing. The vehicle was returned to plaintiff on January 23, 1976, which was the first date plaintiff knew of OSP's part in the towing. On February 24, 1976, plaintiff made demand upon OSP for damages arising from the towing and storage of his vehicle during the eight months and eighteen day period involved.[3]

OSP's demurrer was on the grounds that it appeared from the face of the complaint

"that the requisite notice of the alleged cause of action contained therein was not given within the 180 days period provided for by ORS 30.275(1) of the Tort Claims Act and therefore does not state facts sufficient to constitute a cause of action against this defendant."[4]

---

[3] It is unnecessary to our decision to set forth the charges of negligence. They may be found in *Adams v. Oregon State Police,* 40 Or App at 723-724, 596 P2d at 590 (1979).

[4] The expressed grounds of the demurrer were in terms of ORS 16.260(6) and did not include the terms of ORS 16.260(1):

"The defendant may demur to the complaint * * * when it appears upon the face thereof:

"(1) That the court has no jurisdiction of * * * the subject of the action;

"(6) That the complaint does not state facts sufficient to constitute a cause of action."

In argument in support of the demurrer, in both the trial court and Court of

## COMMENCEMENT OF 180 DAY PERIOD

OSP contends, in support of the demurrer, that the 180 day period commenced either on May 5, 1975, the date of towing, or on May 6, 1975, the date OSP denied responsibility for the towing. In either event January 23, 1976, the date plaintiff discovered OSP's part in the matter, was more than 180 days after the event; consequently, the sustaining of the demurrer has the effect of foreclosing plaintiff's claim under the Tort Claims Act before he knew he had a claim under that Act.

The Court of Appeals reached that result by holding: (a) that the "loss or injury" occurred the date of towing or the day after; (b) that the 180 day period from "loss or injury" in ORS 30.275(1) should commence at the same date as the two year period of limitations in ORS 30.275(3); (c) that under the Court of Appeals' decision in *Dowers Farms, Inc. v. Lake County,* 39 Or App 685, 593 P2d 1207, 40 Or App 647, 595 P2d 1385 (1979) the two year period was not tolled to allow discovery, but commenced upon the "accident or occurrence;" and (d) that the 180 day period is not delayed to give a plaintiff a reasonable period for discovery.

Subsequent to the Court of Appeals' decision in the case at bar we allowed review of *Dowers Farms, Inc. v. Lake County, supra,* and held that the two year statute of limitations in ORS 30.275(3) does not begin to run until there is a reasonable opportunity for plaintiff to discover his injury resulting from defendant's negligence. *Dowers Farms v. Lake County,* 288

---

Appeals, OSP contended that the pleading of the 180 day notice requirement was jurisdictional, yet OSP did not demur on that basis. We have no occasion on this record to determine whether pleading fulfillment of the notice requirements is "jurisdictional." In this case the Court of Appeals did at one place flatly state that it is jurisdictional, 40 Or App at 724, 596 P2d at 590, but we find the statement, on this record, to be gratuitous. See what we said in leaving the question open in *Urban Renewal Agency v. Lackey,* 275 Or 35, 40, 549 P2d 657, 660 (1976) and the Court of Appeals' recognition in *Robert Randall Co. v. City of Milwaukie,* 32 or App 631, 633, 575 P2d 170, 171 (1978) of the position of this court in *Urban Renewal Agency.*

ORS 16.260 has been repealed. Or Laws 1979, ch 284, § 199. For new procedure, *see,* ORCP 13 C and 21 A.

Or 669, 607 P2d 1361 (1980). We found no reason to construe the Tort Claims Act narrowly and therefore applied the body of law previously developed by this court in *US Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976) and *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966). In *Berry* we stated:

> "To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her is patently inconsistent and unrealistic. She cannot maintain an action before she knows she has one. To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." 245 Or at 312.

In *US Nat'l Bank v. Davies, supra,* we extended the period in which the statute of limitations is tolled to such time as it appeared probable that plaintiff's "damage actually suffered" was caused by defendant. See, also, *Niedermeyer v. Dusenberry,* 275 Or 83, 549 P2d 1111 (1976). In *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978), we held that the statute of limitations begins to run when a reasonably prudent person perceives the role which the defendant has played in the plaintiff's injury.

The notice of claim provision preserves for public bodies a special protection from action and, as such, is a vestige of the former doctrine of governmental immunity. In *Dowers Farms v. Lake County, supra,* we noted that the legislature largely abolished governmental tort immunity when it passed the Tort Claims Act and that a narrow construction of that legislation would be contrary to its remedial purposes. The logic of allowing a reasonable discovery period in the statute of limitations in ORS 30.275(3) is equally applicable to the 180 day notice period in ORS 30.275(1).

■      OSP has candidly urged in the brief on appeal that the 180 day notice period and the two year statute of limitations should commence to run from the same date. The Court of Appeals was of like dispo-

sition in *Hall v. City of Hillsboro,* 29 Or App 161, 562 P2d 597 (1977). We agree and hold that the 180 day period and the period of limitations does not commence to run until plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury.

■      Upon the facts presented by this record, therefore, the 180 day period began to run on January 23, 1976, the date when plaintiff discovered that OSP was in fact the party responsible for his injury.

## PLEADING NOTICE

ORS 30.275 provides that no action may be "maintained" unless written notice was caused to be presented in the manner statutorily prescribed within 180 days of the loss or injury. On February 24, 1976, plaintiff made "demand" upon OSP for damages incurred by reason of the towing and storage of his vehicle. On oral argument before this court plaintiff took the position that his allegation of such "demand" was the pleading upon which he relied to satisfy his right to "maintain" this cause. It is under that allegation that plaintiff contends that he will prove that written notice was caused to be presented as required by the Tort Claims Act.

This court has not been entirely consistent in its assessment of the sufficiency of allegations tested by general demurrer. At one end of the spectrum are cases such as *Sponseller v. Meltebeke,* 280 Or 361, 363-364, 570 P2d 974 (1977), in which we have stated and applied the strict rule:

> "In considering the sufficiency of a complaint upon demurrer, we must presume that plaintiff has stated his case as strongly as the facts will permit, and the complaint must therefore be construed most strongly against the plaintiff."

At the other end of the spectrum is *Mezyk v. National Repossessions,* 241 Or 333, 337, 405 P2d 840 (1965), where we held that sufficiency of an allegation to withstand attack by general demurrer must be decided

"upon the basis of any facts that conceivably could be introduced under the allegations * * *."

In a very recent case, *Davidson v. Wyatt,* 289 Or 47, 609 P2d 1298 (1980), we stated that not only is plaintiff entitled to the benefit of all well-pleaded facts, but also to the benefit of inferences that can properly and reasonably be drawn from those facts.

Obviously, in the cases just mentioned, the end of the journey was preordained by the gate chosen for entry upon the journey. We do not regard this case as a particularly suitable vehicle for trying to select a firm rule, i.e., to choose the gate through which entry should always be made.

In disposing of the case before us, we do draw attention to a statute in effect when this case was filed, ORS 16.120:

"In the construction of a pleading for the purpose of determing its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

That statute has since been repealed. Or Laws 1979, ch 284, § 199. In its place we find ORCP 12:

"A.   All pleadings shall be liberally construed with a view of substantial justice between the parties.

"B.   The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

We quote ORCP 12, not to apply it to this case, but to indicate a legislatively directed trend away from strict construction of pleadings.

In *Perkins v. Standard Oil Co.,* 235 Or 7, 19, 383 P2d 107, 383 P2d 1002 (1963), where we dealt with a somewhat similar pleading issue, we said of the function of pleadings:

"The purpose of requiring an exchange of pleadings is not to produce perfection in the statement of the issue but only to bring forth into the light the

points that are in dispute. When those points are sufficiently revealed so that the opponent is apprised of what he must meet and the trial judge is given sufficient information so that he can rule advisedly during the progress of the trial, the pleadings have performed their function."

As to the particular matter of construction of the allegations of a complaint tested by demurrer, we said (235 Or at 22-23, 383 P2d at 115):

"We are aware of the fact that the complaint (fifth amended) does not express itself with the degree of clarity that can be achieved. Nor does it identify the pleader's theory with the certainty that is frequently obtained. When a complaint is tested by a demurrer, strict construction against the pleading is the rule. Adherence to that rule is not a fetish—it renders the administration of justice through the medium of the trial judge more certain and prompt. Notwithstanding some lapses in the complaint from those demands, we conclude that the complaint states two causes of action for breach of contract. The challenged judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion."

The same remarks might well be made concerning the complaint at bar. As counsel conceded on oral argument, it is not an "artful" pleading.

All things considered, we hold that the complaint does state facts sufficient to constitute a cause of action. Defendant OSP and the trial court are sufficiently apprised that plaintiff relies upon Paragraph VI of his complaint, in which he alleges the "demand" as the pleading basis upon which he will introduce his evidence of compliance with the requirement that written notice was caused to be presented to the proper party. *Compare, Mezyk v. National Repossessions, supra.* We are not here concerned with the adequacy of any evidence, but only with the adequacy of the pleading to permit the introduction of evidence.[5]

---

[5] Having accepted plaintiff's contention that his pleading is sufficient for him to introduce his evidence of compliance with the notice require-

Reversed and remanded for further proceedings in the trial court consistent with this opinion.

ments of ORS 30.275, we need not, and do not, reach the question of whether the filing and service of the complaint upon OSP within the 180 day period satisfies the statute without a separate presentation of written notice. *See, Yunker v. Mathews,* 32 Or App 551, 577, 574 P2d 696 (1978).