AOYAGI, J.
*472 Plaintiffs filed this action for declaratory and injunctive relief against a group of private landowners and the Central Oregon Irrigation District (COID), asserting the existence of a public easement on land that defendant landowners own and on which defendant COID has its own easement. Defendants filed motions to dismiss under ORCP 21 A(8) for failure to state a claim. The trial court dismissed plaintiffs' claims on three independent grounds: plaintiffs lack standing, plaintiffs failed to give timely notice under the Oregon Tort Claims Act (OTCA), and plaintiffs' claims are barred by the OTCA statute of limitations. Plaintiffs appeal. For the reasons set forth below, we reverse.
I. FACTS
On review of the grant of a motion to dismiss under ORCP 21 A(8), we accept as true all well-pleaded factual allegations in the complaint and make reasonable inferences from those allegations in favor of plaintiffs. Yanney v. Koehler , 147 Or. App. 269, 272, 272 n. 1, 935 P.2d 1235, rev. den. , 325 Or. 368, 939 P.2d 45 (1997). That includes documents that the complaint incorporates by reference, see BoardMaster Corp. v. Jackson County , 224 Or. App. 533, 535, 198 P.3d 454 (2008), which, in this case, the parties agree includes certain plat maps. We state the facts in accordance with that standard.
Defendants Olen and Lois Lee, Katherine Hagstrom, and the other individual defendants (collectively landowners) own residential lots in the Orion Estates neighborhood in Bend. Their lots are located adjacent to the Central Oregon Irrigation Canal. A 20-foot-wide dirt path, hereinafter "the canal path," runs along the canal through the 15 canal-front lots in Orion Estates and continues an unspecified distance north and south of Orion Estates.[1] Defendant COID has an easement for right of way on the canal path to facilitate the operation, maintenance, and repair of the canal. COID personnel and vehicles use the canal path for those purposes.
*473 The Orion Estates plat was recorded in 1980. The plat map shows a "canal easement line" running parallel to the canal through Orion Estates lots 12 through 26. The plat contains a dedication "to the public forever, all streets and easements as shown."
The only easements shown on the plat map are the canal easement line and utility easements. Fifty-six people, whom plaintiffs identify as the then-owners of the Orion Estates lots, signed the dedication on the plat. Multiple governmental officials approved the plat, including the then-chairman of COID. The following excerpt from the Orion Estates plat map shows the location of the canal-front lots, the "canal easement line," and the canal. Annotations have been added to indicate the lots currently owned by the Lees (lot 16) and Hagstrom (lot 19). The canal path is located in the area between the canal easement line and the canal.
*365 Map: Excerpt from plat map of Orion Estates (1980) ↑N
*474 According to the complaint, from at least 1980 (or earlier) until 2007 (or later), members of the public residing in Orion Estates and surrounding neighborhoods used the canal path, including the portions located on defendant landowners' lots, for recreational activities such as walking, bicycling, jogging, and exercising dogs. Dozens of members of the public used it on a daily basis and hundreds on a yearly basis. The Bend High School track team used it for training runs. From 1982 until 2006, members of the public also used the canal path to reach a public golf course and golf course restaurant located immediately north of Orion Estates. One of the golf course greens was adjacent to the canal path, and a path led directly from the green onto the canal path.
In 2006, a developer purchased the golf course property and thereafter built the Orion Greens neighborhood in its place. As in Orion Estates, the canal path runs through the canal-front lots in Orion Greens. Heading north from Orion Estates, the canal-front lots in Orion Greens are numbered 24, 25, 26, and 27. (Orion Estates lot 12 abuts Orion Greens lot 24.) The City of Bend required the developer of Orion Greens to provide public access to the canal path as a condition of development, specifically a "12' pedestrian access easement" and a "50' primary trail easement to B.M.P.R.D. [Bend Metro Parks and Recreation District]." As a result, a 12-foot-wide paved pedestrian path currently runs across Orion Greens lot 27 from a public street to the canal path. Plaintiffs allege that the BMPRD easement runs along the back of Orion Greens lots 24, 25, and 26, coextensive with the canal path, and provides for public *366 use and access to the canal path to the north and south.[2]
At some point after 2007, three things happened, not necessarily in this order. First, defendant COID entered into two "joint road use agreements" with, respectively, the Lees and Hagstrom. The complaint describes the agreements *475 as "permitting" the Lees and Hagstrom to construct gates on their properties "subject to conditions imposed by COID." The agreements were recorded in Deschutes County in 2009. Second, the Lees built a five foot high chain link fence and gate at the northern end of their property that completely blocks public passage on the canal path. Third, Hagstrom built a five foot high chain link fence and gate wrapped in barbed wire at the southern end of her property that also completely blocks public passage on the canal path. As a result, the canal path is impassable to members of the public from the northern boundary of the Lees' property (Orion Estates lot 16) to the southern boundary of Hagstrom's property (Orion Estates lot 19).
On an unspecified date, plaintiffs purchased a home in the Kings Forest First Addition neighborhood, which, as shown on the Orion Estates plat map, is located immediately west of Orion Estates. According to the complaint, plaintiffs have access to the canal path by travelling on public streets and then using the paved pedestrian path across Orion Greens lot 27. "Plaintiffs and other members of the public walk or bicycle along the Canal Path almost daily, [but] their ability to proceed north or south further along the Canal Path is prevented by Defendants' gates and fences." In plaintiffs' view, the gates also create a safety hazard due to rescuers being unable to access a portion of the canal bank; four people and five dogs have drowned in unspecified portions of the canal since 1995.
On September 9, 2014, plaintiffs gave a presentation to the COID Board of Directors, which, according to the complaint, "demonstrat[ed] the facts which gave rise to Plaintiffs' claims." The complaint does not describe the content of the presentation, who attended it, or why it was directed to COID.
On February 9, 2015, plaintiffs filed a complaint against the Lees and Hagstrom, challenging the legality of their gates. Thereafter, plaintiffs learned from counsel for the Lees and Hagstrom about the joint road use agreements with COID. Until that time, plaintiffs had understood that COID had not agreed to the gates because COID's prior counsel Dickson had denied to plaintiffs that COID
*476 gave permission for the gates. Upon learning of the agreements, plaintiffs communicated with COID's "designated counsel Matt Singer" regarding "the inclusion of COID as a defendant in the case." On July 1, 2015, plaintiffs added COID as a defendant by way of filing an amended complaint. Consistent with a court order, plaintiffs then filed a second amended complaint that was substantively identical except that it added as defendants the owners of all the canal-front lots in Orion Estates.[3]
In their complaint, plaintiffs alleged the existence of a public easement to use the canal path in Orion Estates, both by dedication (based on the 1980 Orion Estates plat) and by prescription. Plaintiffs asserted three claims against the Lees, Hagstrom, and COID: (1) interference with use of a public easement, (2) hazardous private nuisance, and (3) declaratory judgment. Regarding COID in particular, plaintiffs alleged that COID had wrongfully and unlawfully blocked public access to the canal path by "affirmatively permitting [the] construction" of the Lees' and Hagstrom's gates and that COID, together with the Lees and Hagstrom, had *367 created a hazardous private nuisance. Plaintiffs requested that the trial court declare a permanent public easement on the canal path traversing Orion Estates lots 12 through 26. Plaintiffs also requested that the court permanently enjoin defendants from interfering with plaintiffs' and the public's use of the canal path, including by placing or maintaining gates, fences, or other obstacles.
Defendant COID moved to dismiss plaintiffs' complaint under ORCP 21 A(8) for failure to state ultimate facts sufficient to constitute a claim, making multiple arguments. Defendant landowners filed their own motion to dismiss under ORCP 21 A(8), making different arguments. After hearing, the trial court dismissed plaintiffs' claims on three independent grounds, all of which had been argued by COID: (1) plaintiffs lack standing; (2) plaintiffs failed to give timely OTCA notice of their claims to COID; and *477 (3) plaintiffs' claims are barred by the OTCA statute of limitations. The court dismissed all claims with prejudice as to all defendants. Regarding the decision to dismiss with prejudice, the court stated, "The second amended complaint does not and cannot cure the deficiencies that are apparent on the face of the pleadings and submissions." Plaintiffs appeal.
II. ANALYSIS
A. First Assignment of Error
In their first assignment of error, plaintiffs challenge the trial court's dismissal of their claims for lack of standing. Essentially the same standing requirements apply to Declaratory Judgments Act claims and claims for injunctive relief against a public body. See ORS 28.020 (standing requirements for Declaratory Judgments Act); Morgan v. Sisters School District No. 6 , 353 Or. 189, 201, 301 P.3d 419 (2013) ("essentially the same standing requirements" for claims seeking an injunction against a public body). Defendant COID contends that the trial court correctly concluded that, based on the allegations in the complaint, plaintiffs do not have lawful means of accessing the portion of the canal path located in Orion Estates and therefore cannot satisfy two of the three requirements for standing applicable to such claims: that the injury "must be real or probable, not hypothetical or speculative" and that "the court's decision must have a practical effect on the rights that the plaintiff is seeking to vindicate." Id . at 195, 197, 301 P.3d 419. That is the only standing argument that COID makes.[4]
Plaintiffs argue that lawful access is not a required element of an easement claim and that, in any event, they did plead lawful access. It is true that lawful access is not an element, see Bloomfield v. Weakland , 224 Or. App. 433, 445, 199 P.3d 318 (2008), rev. den. , 346 Or. 115, 205 P.3d 887 (2009), but that does not mean that lawful access is irrelevant. A plaintiff must have standing to pursue a claim for injunctive relief against a public body, regardless of the particular elements of the *478 claim on which injunctive relief is sought. Morgan , 353 Or. at 201, 301 P.3d 419 ; Eckles v. State of Oregon , 306 Or. 380, 386, 760 P.2d 846 (1988). Similarly, a plaintiff must have standing to bring a claim under the Declaratory Judgments Act, regardless of the particular legal theory on which the declaration is sought. Defendant COID makes a colorable argument that, if plaintiffs lack lawful access to the portion of the canal path located in Orion Estates, they lack standing to pursue declaratory and injunctive relief against COID regarding that portion of the canal path.
However, assuming without deciding that plaintiffs were required to affirmatively allege a lawful means of access to the portion of the canal path located in Orion Estates, their complaint was sufficient to meet that requirement. Accepting all well-pleaded factual allegations as true and making reasonable inferences in favor of plaintiffs, Yanney , 147 Or. App. at 272, 935 P.2d 1235, plaintiffs have access to the portion of the canal path located in Orion Estates by travelling on public streets, using the paved pedestrian path across Orion Greens lot 27, and then travelling south on the canal path along the *368 BMPRD easement. For 27 years or longer, until the Lees and Hagstrom built their gates, members of the public residing in Orion Estates and surrounding neighborhoods regularly used the portion of the canal path located in Orion Estates for numerous recreational activities such as walking, bicycling, jogging, and exercising dogs. Since the sale of the public golf course and development of Orion Greens, plaintiffs and other members of the public have continued to use the canal path regularly, but "their ability to proceed north or south further along the Canal Path is prevented by Defendants' gates and fences." From those allegations, it is reasonable to infer that plaintiffs have lawful access to the portion of the canal path located in Orion Estates, at least coming from the north.
As such, the impassability of the canal path due to the Lees' and Hagstrom's gates constitutes a real and probable injury, and requiring the removal of the gates (as requested in the complaint) would have a practical effect on plaintiffs' rights. Morgan , 353 Or. at 197, 301 P.3d 419 (a practical effect means that the relief sought, "if granted, must redress the injury that is the subject of the *** action"). To be clear, *479 in concluding that plaintiffs have sufficiently pleaded lawful access, if necessary, we do not express any view as to whether plaintiffs in fact have a durable right to use the canal path located in Orion Greens. We conclude only that plaintiffs' allegations regarding lawful access are sufficient to survive COID's motion to dismiss.
B. Second Assignment of Error
Plaintiffs next challenge the trial court's dismissal of their claims against COID based on failure to give timely notice under the OTCA. Plaintiffs do not contest that the OTCA applies to their claims against COID, a municipal corporation. See ORS 30.260(4) (defining "public body" for purposes of the OTCA); Barns v. City of Eugene , 183 Or. App. 471, 474, 52 P.3d 1094 (2002) (concluding that claims for declaratory and injunctive relief are subject to the OTCA). Accordingly, for purposes of this opinion, we assume without deciding that the OTCA applies.
ORS 30.275(1) provides: "No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 [ (the OTCA) ] shall be maintained unless notice of claim is given as required by this section." For claims other than wrongful death, the notice period is 180 days. ORS 30.275(2)(b). The notice period does not begin to run "until plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury." Adams v. Oregon State Police , 289 Or. 233, 239, 611 P.2d 1153 (1980). That means "such time as it appeared probable that plaintiff's 'damage actually suffered' was caused by defendant," or "when a reasonably prudent person perceives the role which the defendant has played in the plaintiff's injury." Id. at 238, 611 P.2d 1153 (citing U.S. Nat'l Bank v. Davies , 274 Or. 663, 548 P.2d 966 (1976), and Schiele v. Hobart Corporation , 284 Or. 483, 587 P.2d 1010 (1978) ). Plaintiffs were required to plead facts sufficient to constitute notice under ORS 30.275. Urban Renewal Agency v. Lackey , 275 Or. 35, 40, 549 P.2d 657 (1976).
As a preliminary matter, it is important to recognize that defendant COID moved to dismiss under ORCP 21 A(8) for "failure to state ultimate facts sufficient to constitute a *480 claim." When a defendant asserts that a plaintiff's claims are subject to the OTCA and that the plaintiff failed to give timely notice, it raises a question of subject matter jurisdiction that may be more appropriately addressed under ORCP 21 A(1). See ORCP 21 A(1) (providing for motion to dismiss based on "lack of jurisdiction over the subject matter"); Curzi v. Oregon State Lottery , 286 Or. App. 254, 265, 398 P.3d 977, rev. den. , 362 Or. 175, 406 P.3d 613 (2017) (affirming dismissal of claims under ORCP 21 A(1) for lack of subject matter jurisdiction where the plaintiff failed to give timely notice under the OTCA). The procedural distinction between ORCP 21 A(1) and A(8) is meaningful because, when a party moves to dismiss under A(1), the court may consider matters outside the pleading, including affidavits, declarations *369 and other evidence. ORCP 21 A. Based on that information, the court has discretion either to "determine the existence or nonexistence of the facts supporting such defense" or "defer such determination until further discovery or until trial on the merits." Id .
In this case, COID moved to dismiss under ORCP 21 A(8), which is limited to the complaint, and the trial court expressly stated in its order that "the Court finds that Plaintiffs' Second Amended Complaint demonstrates on its face that Plaintiffs lack standing, that Plaintiffs have failed to give timely or proper notice under the [OTCA], and that the statute of limitations set out in the [OTCA] bars this action * * *." (Emphasis added.) Accordingly, we limit our review to whether, accepting all well-pleaded factual allegations as true and making reasonable inferences in favor of plaintiffs, plaintiffs adequately pleaded OTCA notice. Skille v. Martinez , 288 Or. App. 207, 209-10, 219, 406 P.3d 126, adh'd to as mod on recons , 289 Or. App. 637, 407 P.3d 998 (2017) (reversing trial court's dismissal of complaint under ORCP 21 A(8) based on OTCA notice allegations).
When the discovery rule is at issue, it often injects the need for fact finding into the notice analysis. When a "reasonably prudent person" would have perceived COID's role in plaintiffs' injury is the kind of question that is "generally a question of fact determined by an objective standard." Doe v. Lake Oswego School District , 353 Or. 321, 332, 297 P.3d 1287 (2013). It may be decided as a matter of law if "the *481 only conclusion a reasonable jury could" reach is that plaintiffs should have discovered their claims against COID more than 180 days before giving notice under ORS 30.275. Curzi , 286 Or. App. at 263, 398 P.3d 977 (emphasis in original). Otherwise, it is a question of fact for the factfinder. Id .
In COID's view, which the trial court adopted, the OTCA notice period began to run in 2009 when COID publicly recorded the joint road use agreements with the Lees and Hagstrom, and any claims regarding a public easement had to be noticed within 180 days of that event. By contrast, plaintiffs assert that the OTCA notice period began to run when plaintiffs personally discovered their claims against COID, which they allege was sometime after February 9, 2015. Neither plaintiffs nor COID have addressed the fundamental disagreement underlying their respective arguments: whether a single OTCA notice period applies to the public generally on a public easement claim, or whether the notice period applies individually to individual plaintiffs even though the claim includes a "public" element. That is a question of statutory construction that neither party has meaningfully briefed.
In construing a statute, we examine the text of the statute in context. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). The text is generally "the best evidence of the legislature's intent." PGE v. Bureau of Labor and Industries , 317 Or. 606, 610, 859 P.2d 1143 (1993). We also consider any useful legislative history that the parties have provided or that, in our discretion, we have identified ourselves. Gaines , 346 Or. at 166, 172, 206 P.3d 1042 ; ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court.").
The OTCA applies to torts committed by public bodies and their officers, employees, and agents acting within the scope of their employment or duties. ORS 30.265(1). For purposes of the OTCA, a "tort" is "the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy." ORS 30.260(8) (emphasis added). Most *482 of ORS 30.275 -the OTCA provision regarding notice and the statute of limitations-is written in passive voice, but it contains similar references to a "particular person" or "the person injured." See ORS 30.275(2) (providing for limited extension of notice period when "the person injured" is unable to give notice for specified reasons); ORS 30.275(6) (providing for actual notice when, among other things, a reasonable person would conclude "that a particular person intends to assert a claim against the public body"). *370 There is very little Oregon case law regarding public easements and none under the OTCA. Given the text and context of ORS 30.275, and again assuming without deciding that the OTCA applies here because that issue is not before us, we conclude that the natural reading of the statute is that the OTCA notice period runs on an individual basis. Applying the OTCA to a public easement claim is somewhat awkward because it is not the typical type of tort claim that triggers the OTCA. But COID has not explained how its approach to calculating the notice period can be reconciled with the statutory text and context. Moreover, nothing in the OTCA suggests that the legislature intended the notice period to run differently as to different types of claims, and we have never applied the OTCA in anything other than an individual manner.
In concluding that the OTCA notice period runs on an individual basis, we stress two points. First, the parties have not provided any legislative history regarding ORS 30.275. See Gaines , 346 Or. at 166, 206 P.3d 1042 (stating that the court may limit its consideration to legislative history provided by the parties and "is not obligated to independently research legislative history"). Second, we express no opinion as to whether plaintiffs' claims regarding a public easement actually qualify as "tort" claims under the OTCA, i.e. , as claims for breach of "a legal duty that is imposed by law," resulting in "injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy." ORS 30.260(8). We have previously recognized the existence of a claim for a public prescriptive easement, e.g. , Petersen v. Crook County , 172 Or. App. 44, 49, 17 P.3d 563 (2001), but we have never considered whether such claims are "tort" claims under the OTCA, and we will not consider *483 that issue here sua sponte when the parties have not raised it.
We turn to the facts as alleged to determine whether a reasonable factfinder could find that plaintiffs gave timely notice of their claims against COID under the OTCA. At the latest, plaintiffs gave COID notice of their claims on July 1, 2015. See ORS 30.275(3)(c) (identifying "commencement of an action on the claim" as a form of notice under the OTCA); Cannon v. Dept. of Justice , 261 Or. App. 680, 322 P.3d 601 (2014) (commencement means filing of complaint). Based on the allegations in the complaint and reasonable inferences therefrom, plaintiffs learned of the joint road use agreements from the Lees' and Hagstrom's counsel sometime between February 9, 2015, when plaintiffs filed their original complaint, and July 1, 2015, when plaintiffs added COID as a defendant. If proved, a reasonable factfinder could find that plaintiffs gave notice within 180 days of obtaining actual knowledge of the joint road use agreements.[5]
Of course, actual knowledge is not the only issue when the discovery rule applies. See Buchwalter-Drumm v. Dept. of Human Services , 288 Or. App. 64, 78, 404 P.3d 959 (2017) (OTCA notice period begins to run when a plaintiff knows "or in the exercise of reasonable care should know"); Georgeson v. State , 75 Or. App. 213, 216, 706 P.2d 570, rev. den. , 300 Or. 332, 710 P.2d 147 (1985) (discovery rule requires due diligence). The allegations relevant to reasonable care cut both ways here. On the one hand, the joint road use agreements were recorded in 2009, allowing COID to argue that plaintiffs failed to exercise reasonable care and should have known of the agreements' existence earlier. On the other hand, COID's prior counsel affirmatively misrepresented to plaintiffs that there was no agreement between COID and *484 defendant landowners regarding the gates, allowing plaintiffs to argue that they did exercise reasonable care under the circumstances and timely gave notice of their claims. *371 Given the totality of the allegations in the complaint, which we accept as true, plaintiffs' complaint was sufficient to survive a motion to dismiss under ORCP 21 A(8) on the OTCA notice issue. After hearing the evidence, a reasonable factfinder could find that plaintiffs should have discovered COID's involvement in their injury sooner, making their notice untimely. Or a reasonable factfinder could find that, because COID's counsel affirmatively misrepresented COID's involvement, plaintiffs exercised reasonable care and gave timely notice. On a motion to dismiss under ORCP 21 A(8), based solely on the face of the pleading, it was error for the trial court to dismiss plaintiffs' claims for failure to give timely notice to COID under ORS 30.275.
C. Third Assignment of Error
Plaintiffs also challenge the trial court's dismissal of their claims based on the OTCA's two-year statute of limitations. Subject to limited exceptions not applicable here, "an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of [the OTCA] shall be commenced within two years after the alleged loss or injury." ORS 30.275(9). Dismissal based on the statute of limitations "is appropriate only when a complaint shows on its face that the action was not timely filed." Guirma v. O'Brien , 259 Or. App. 778, 780, 316 P.3d 318 (2013).[6] When the discovery rule applies, that means that "the only conclusion that a reasonable trier of fact could reach is that the plaintiff knew or should have known the critical facts at a specified time" outside the statute of limitations. Doe , 353 Or. at 333, 297 P.3d 1287.
*485 Under the OTCA, the two-year statute of limitations begins to run on the same date as the 180-day notice period. Adams , 289 Or. at 239, 611 P.2d 1153. As discussed in the second assignment of error, if plaintiffs prove the allegations of their complaint, a reasonable factfinder could find that date to be sometime after February 9, 2015, in which case their claims against COID were timely filed. Thus, it was error to dismiss plaintiffs' claims based on the OTCA statute of limitations.
D. Fourth Assignment of Error
Because of our disposition of the first three assignments of error, we need not resolve the fourth assignment of error, in which plaintiffs argue that the trial court erroneously applied the OTCA to defendant landowners, who are private parties, instead of limiting it to defendant COID. No one argued to the trial court that the OTCA applied to anyone other than COID, and we do not understand the trial court's order or judgment to apply the OTCA to anyone other than COID.
At the same time, it is admittedly unclear on what basis the trial court dismissed plaintiffs' claims against defendant landowners. They are not subject to the OTCA as private parties, and they did not join COID's standing argument, the only non-OTCA argument on which dismissal was granted. Citing Outdoor Media Dimensions, Inc. v. State of Oregon , 331 Or. 634, 20 P.3d 180 (2001), COID asks us to consider an issue raised for the first time on appeal: that the court properly dismissed the complaint against all defendants because COID is a necessary party under ORS 28.110 and ORCP 21 A(7). Given our reversal of the trial court's judgment based on plaintiffs' first three assignments of error, we need not reach that issue or address the fourth assignment of error further. Moreover, it is possible that the parties may wish to develop a factual record on that point. We leave it to the trial court to resolve any necessary-party issues on remand as needed.
*372 E. Fifth, Sixth, and Seventh Assignments of Error
For procedural reasons, we do not address the fifth, sixth, and seventh assignments of error. Respectively, plaintiffs defend the sufficiency of the complaint to establish the *486 existence of a public easement, argue that it was unnecessary to plead or prove use of the canal path by plaintiffs' predecessors in interest, and defend the sufficiency of the complaint to state a claim for private nuisance. In each instance, plaintiffs are responding to an argument that COID made in its motion to dismiss but on which the trial court did not rule . Appellants may assign error only to trial court rulings, not to the arguments of opposing parties. ORAP 5.45(3), (4). COID responds to plaintiffs' arguments on the merits but does not ask that we consider those issues as alternative bases to affirm. We will not do so both because we were not asked and because, if the trial court dismisses any of plaintiffs' claims on those bases on remand, it should decide in the first instance whether to do so with or without prejudice.
III. CONCLUSION
Having concluded that the trial court erred in each of the particulars raised in the first three assignments of error, we reverse and remand. We leave for the trial court to decide on remand, as appropriate, any bases for dismissal that were previously raised but not decided, including those raised in plaintiffs' fifth, sixth, and seventh assignments of error.
Reversed and remanded.

The complaint names 22 individual defendants, who are the current owners of the 15 canal-front lots in Orion Estates. Only the Lees, Hagstrom, and one other individual defendant made an appearance in the trial court, and none of the individual defendants filed an answering brief on appeal.

Defendant COID has directed us to a copy of the current BMPRD trail map and asks us to take judicial notice of the fact that BMPRD does not list the canal path as a "public trail." Even if we were to consider the contents of the trail map a proper matter for judicial notice, the fact that the canal path is not included on BMPRD's published public trail map would not defeat plaintiffs' allegation that the easement exists and is used by the neighboring public.

The second amended complaint was the operative complaint at the time of judgment; unless otherwise specified, references herein to "the complaint" are to the second amended complaint. The procedural history of the complaints and addition of defendants is relevant, however, to our notice and statute of limitations analyses.

Defendant COID did not challenge the third standing requirement, which is "some injury or other impact upon a legally recognized interest beyond an abstract interest in the correct application or the validity of the law." Morgan , 353 Or. at 195, 301 P.3d 419.

Plaintiffs' claims against COID are expressly based on COID's joint road use agreements with the Lees and Hagstrom. In the trial court and on appeal, COID's position has been that the recording date of the joint road use agreements is the critical date for OTCA notice and statute of limitations purposes, while plaintiffs' position has been that the discovery date of the joint road use agreements is the critical date. No one has argued, and we do not consider, any other legal theories for including COID in the action. For example, we do not consider how the OTCA would apply if COID were made a party solely because of its, as plaintiffs call it, "superior" easement rights.

Our case law regarding dismissal based on the statute of limitations is largely under ORCP 21 A(9), which applies when "the pleading shows that the action has not been commenced within the time limited by statute." E.g. , Guirma , 259 Or. App. at 780, 316 P.3d 318 ; Allen v. Lawrence , 137 Or. App. 181, 186, 903 P.2d 919 (1995), rev. den. , 322 Or. 644, 912 P.2d 375 (1996). However, under both ORCP 21 A(8) and A(9), the court must decide the motion on the pleading, i.e. , take the allegations as true and make reasonable inferences in the plaintiff's favor. See Guirma , 259 Or. App. at 780, 316 P.3d 318. As such, at least for present purposes in this appeal, it is a procedural distinction without a difference.