LEE, J.
This case steins from an eminent domain case tried in June, 1970, in which plaintiffs contended that by reason of acts that occurred prior to and during that trial they were denied just compensation. In that 1970 case plaintiffs unsuccessfully sought a new trial based upon alleged irregularities and false testimony. In the present case, which raises essentially the same issues[1] as those urged in support of plaintiffs’ motion for a new trial in the 1970 case, defendants moved for summary judgment and the trial court found that there was "no genuine issue as to any material fact”[2] and granted summary judgment dismissing plaintiffs’ action.[3] At the argument on defendants’ motion for summary judgment plaintiff, Richard N. Compton, admitted that following the denial of the motion for a new trial in 1970 he learned of the alleged conspiracy "[a]bout a year or so afterwards.” The issue is whether as a matter of law the statute of limitations barred plaintiffs’ alleged cause of action thereby eliminating any material issue of fact. We hold that the statute of *[922] limitations is controlling and therefore the summary judgment was properly granted.
Plaintiffs filed this action on June 9, 1975, charging the defendants with "conspiracy and fraud in the controlling of appraisal values of their property” and with "presenting perjurious testimony.” In Oregon conspiracy has not been recognized as an independent tort. Bliss v. Southern Pacific Co. et al, 212 Or 634, 642, 321 P2d 324, 332 (1958). Assuming, arguendo, that "conspiracy to commit fraud” was the cause of action plaintiffs sought to allege, there are two different effective times when the statute of limitations commences to run. An action for conspiracy must be commenced within two years from the last overt act[4] whereas the statute of limitations for fraud commences only upon "discovery” of the fraud.[5] Thus the question of law is, when does the statute of limitations for "conspiracy to commit fraud” commence to run? The answer becomes apparent upon analyzing the nature of fraud. Since fraud requires that plaintiffs justifiably rely upon defendant’s representations, any further acts by defendants after discovery of the fraud by plaintiffs would not be actionable. Therefore, for purposes of the statute of limitations the last overt act in furtherance of the alleged fraud must have occurred prior to discovery of that fraud.
We conclude that as a matter of law plaintiffs discovered the alleged fraud in August, 1970, when they made their motion for a new trial urging procedural irregularities and false testimony. In any event, plaintiffs’ admission in open court that they knew of the alleged conspiracy "[a]bout a year or so” *[923] after the motion for the new trial had been denied in August, 1970, confirms that the statute of limitations had run before the filing of the complaint herein on June 9, 1975. Accordingly, the claim is barred by the statute of limitations.
Affirmed.

 Since this case is resolved by the statute of limitations, we do not decide whether plaintiffs already had a full, complete and fair opportunity to litigate the same issues and would consequently be collaterally estopped from further litigation. See, Bahler v. Fletcher, 257 Or 1, 474 P2d 329 (1970).

OBS 18.105(2) and (3) provides in pertinent part:
"A party against whom a claim * * * is asserted * * * may * * * move, with or without supporting affidavits, for a summary judgment in his favor as to all or any part thereof.
«* * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *”

 Similar conspiratorial allegations filed in the United States District Court were also dismissed upon motion for summary judgment. The dismissal was affirmed by the United States Court of Appeals in a memorandum opinion stating:
"The applicable statute of limitations, OES 12.110, provides that an action must be commenced within two years. In civil conspiracy actions, the statute of limitations runs from the date of the last overt act alleged to have caused injury. * * *”

 See, Crosswhite v. Brown, 424 F2d 495, 496 (10th Cir 1970).

ORS 12.110(1):
"An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.” (Emphasis supplied.)