Argued and submitted December 10, 1979, affirmed March 10, 1980

## MELGARD,
*Appellant,*
*v.*
## HANNA, et al,
*Respondents.*

### (No. A7702-02840, CA 14713)

607 P2d 795

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Ridgway K. Foley, Portland, argued the cause for respondent Joseph J. Hanna, Jr. With him on the brief were Wayne A. Williamson, Steven H. Pratt, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

John Holmes, Portland, argued the cause for respondent Donald Hanna. With him on the brief was Jensen, DeFrancq, Holmes & Schulte, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

In February, 1977, plaintiff brought this action for malpractice against an attorney and a real estate broker on whose advice he had invested $1.2 million in real estate during the period from 1968 to 1970. Plaintiff alleged that defendants negligently acquired and managed several apartment buildings on his behalf, with the result that he lost $600,000 on his investments. Contending that the statutory period of limitations expired prior to initiation of the action, defendants moved for summary judgment. The trial court granted the motion. On appeal, plaintiff assigns as error the failure of the trial court to submit to the jury the question whether plaintiff had discovered defendants' negligence within the two year period prior to the filing of the complaint.

Plaintiff's amended complaint alleges specific acts of negligence by defendants pertaining to the acquisition and management of the investment properties. For example, plaintiff cites the failure to advise him that the true value of the properties at time of purchase was $200,000 less than was paid and that the properties were in undesirable locations, as well as the failure to advise him as to some tax consequences of the investments. Plaintiff also alleges as negligence the failure of defendants to maintain the properties in good repair and to advise him of their deterioration and depreciation in value. Plaintiff maintains that it was not until the summer of 1975 that he learned of the specifics of defendants' negligence through an investigation conducted by his attorneys. Defendants supported their motion for summary judgment with numerous exhibits intended to demonstrate that plaintiff was aware of specific instances of alleged negligence more than two years prior to the filing of the complaint and that some allegations were unfounded.

This is a professional malpractice case based on lack of due care by an attorney and real estate broker. The applicable statute of limitations is therefore ORS

[135]

12.110(1),[1] which allows a two year period in which to file an action. *U.S. Nat'l Bank v. Davies,* 274 Or 663, 665, 548 P2d 966 (1976); *Lindemeier v. Walker,* 272 Or 682, 685, 538 P2d 1266 (1975). The statute does not commence to run until the occurrence of the harm and until such time as it appears reasonably probable that the damage complained of was caused by the negligence of defendants and not by some other cause. *Niedermeyer v. Dusenbery,* 275 Or 83, 85-86, 549 P2d 1111 (1976). When discovery of professional negligence may be said to occur is an objective matter, for a claimant is charged with knowledge which exercise of reasonable care would disclose when facts are known from which the inference flows. *Cf. Forest Grove Brick v. Strickland,* 277 Or 81, 86, n 5, 559 P2d 502 (1977) (discovery of fraud under ORS 12.110(1) determined by objective test).

Whether a statute of limitations bars a cause of action can in some circumstances be a question of law suitable for resolution by summary judgment. *Compton v. Oregon State Hwy. Comm. et al,* 31 Or App 919, 921, 571 P2d 1271 (1977), *rev den* 281 Or 531 (1978). Taking the evidence in the light most favorable to plaintiff, *Forest Grove Brick v. Strickland, supra* at 87, we need ascertain only if there is any issue of fact as to whether it appeared reasonably probable prior to February, 1975, that plaintiff's losses were due to the negligence of defendants.

In April, 1974, during proceedings for the dissolution of his marriage, plaintiff litigated the worth of his assets, including the investment properties at issue here. In response to a question on cross-examination whether the purpose of purchasing the apartments was for a tax shelter, plaintiff testified:

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

"I got some bad advice from an attorney and Realtor. The whole program was to try and get the apartments, to have a tax relief, to build up the apartments, to trade them, trade up, to have an income situation. I perhaps deluded myself to thinking these would get on their feet and I would be—have them partly paid off and sell them or trade up and have some real security in them. But instead of that, they became a greater and greater drain because of mismanagement."

In a deposition in this case, plaintiff acknowledged that he was referring to defendants when he made the statement above. Plaintiff's only attempt to rebut the implications of this prior testimony occurred in the affidavit opposing the motion:

"Although it was apparent that I was suffering significant financial reverses through the operation of the apartments purchased and managed for me by the Defendants, I did not become aware of the reasons for such problems until the matter had been investigated by my attorneys in the summer and fall of 1975. Although I generally attributed some of my setbacks to mismanagement, I did not know, or have any idea of *many* of the specific acts of negligence which attributed to the poor financial condition of the apartments." (Emphasis added.)

There was thus no issue of fact. In April, 1974, it appeared reasonably probable to plaintiff that his investment losses were attributable to the "bad advice" and mismanagement of defendants, terms which certainly connote at least negligence and which plaintiff used directly or inferentially in his complaint here. With reasonable care plaintiff could have discovered in 1974 the specific instances of such conduct; he does not argue that he was somehow unable to investigate earlier than he did. That plaintiff failed in 1974 or earlier to investigate all the details of negligence attributed to defendants from 1968 to 1970 did not postpone commencement of the limitations period.

Affirmed.

[137]