## WERSCHKY,
*Appellant,*

*v.*

## MOORE,
*Respondent.*

### (83-746-J-2; CA A33639)

706 P2d 572

William E. Greenberg, Roseburg, argued the cause for appellant. With him on the briefs was Randolph Slocum, P.C., Roseburg.

Patrick Ford, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

Warden, J., dissenting.

## RICHARDSON, P. J.

This is a legal malpractice action, in which the trial court granted partial summary judgment for defendant on all but one of plaintiff's claims on the ground that they were barred by the two-year Statute of Limitations. ORS 12.110(1). After plaintiff repleaded, the court granted defendant's motion to strike plaintiff's remaining claim that ostensibly alleged a breach of contract. The trial court apparently concluded that that claim sounded in tort and was also barred by the two-year statute. Plaintiff appeals, assigning error to both rulings.

■ Plaintiff argues that the granting of the partial summary judgment was error, because there was a question of fact as to whether he did discover or reasonably should have discovered his claim against defendant more than two years before the time he instituted this action. The only argument defendant makes to the contrary now and, apparently, the only argument he made below is that plaintiff's letter to the Oregon State Bar, complaining of defendant's conduct, shows that plaintiff had information more than two years before he brought the action from which he knew or should have known that he had a claim. Our review of the letter does not persuade us that a reasonable factfinder would *have* to determine that plaintiff knew any salient fact about the quality and results of defendant's representation at any time more than two years before the action was commenced.

The dissent's conclusion appears to be based on statements in the letter that might compel the conclusion that, as a matter of law, plaintiff was aware of a possible cause of action against defendant for his participation in an intentional tort. However, we do not agree that the letter leaves no fact question as to whether plaintiff was aware when he wrote it of professional malpractice by defendant.

■ Defendant also appears to argue that, if the time when plaintiff acquired sufficient knowledge of his claim cannot be ascertained from the letter alone, it can be determined by reading the letter in conjunction with the version of plaintiff's complaint that was current when summary judgment was granted. Whether the letter is looked at alone or it is considered with the complaint, all defendant succeeds in showing is a set of permissible *inferences* which *could support a*

*finding* that plaintiff knew or should have known that he had a claim against defendant more than two years before plaintiff sued him. However, such inferences are for the trier of fact to draw, and such a finding is for the trier of fact to make. *See Peterson v. Mult. Co. Sch. Dist. No. 1,* 64 Or App 81, 85-86, 668 P2d 385, *rev den* 295 Or 773 (1983), and authorities there cited. The trial court erred by granting the partial summary judgment.

Because the issue may arise on remand, we address plaintiff's second assignment of error. As it was pleaded at the time the trial court granted the motion to strike, plaintiff's purported claim for breach of contract "merely incorporate[d] by reference or implication a general standard of skill and care to which defendant would be bound independent of the alleged contract." *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 259, 611 P2d 1158 (1980). The trial court's ruling was correct.

Reversed and remanded.

**WARDEN, J.,** dissenting.

Because I agree with the majority that the trial court correctly concluded that plaintiff's claim for breach of contract sounded in tort and was barred by the applicable two-year Statute of Limitations, I concur in the last paragraph of the majority opinion. However, because I disagree with the majority in its holding that the trial court erred in granting summary judgment for defendant on plaintiff's legal malpractice claims, I dissent from that portion of the majority opinion. I would affirm the trial court.

Plaintiff's original complaint was filed on March 2, 1983. Therefore, if plaintiff knew or should have known of the negligence of defendant, if any, before March 2, 1981, his claim is time-barred.

The third amended complaint, against which defendant moved for summary judgment, alleges attorney negligence in three counts, all based on a course of conduct which began on or about August 4, 1980, when "plaintiff contacted defendant * * * for advice, representation and document preparation in regard to the formation of a limited partnership [with Dean Lillie] * * *." Defendant's motion for summary judgment was based on a letter plaintiff wrote to the Oregon

State Bar on August 6, 1981, complaining of defendant's "extreme professional misconduct," which stated, in part:

"After the partnership agreement was signed, but before it was implemented in any way, an individual in Rogue River, Oregon, who had been a victim of one of Lillie's scams involving the Grizzly Mining and Timber Company, warned me of the potential consequences of my involvement with Mr. Lillie. After doing some quick checking, I learned that my corporate general partner was only a paper corporation without assets, that the Lillies had placed all of their personal assets beyond the reach of creditors, and that the guaranties were not worth the paper upon which they were written. As a consequence of receiving this information, I did not pay any monies or make any capital contributions of any kind to the partnership, and of course no such contributions were made by the Grizzly Mining and Timber Company. I did not transfer either the timber property or the skidder to the corporation. However, I learned that even though no separate logging contract had ever been entered into with Grizzly, as provided by paragraph 8.2 of the agreement, that Lillie and his two sons had commenced immediately to log the property almost before the ink was dry on the papers.

"I employed another attorney and notified Lillie, the corporation, and the attorney David Moore in writing on November 11, 1980, that I did not consider the partnership agreement to be in force and effect since it had never been implemented, and that I had no intention of implementing it or continuing with the relationship contemplated by the agreement, and that I withdrew from the matter entirely. In the same letter, Mr. Lillie was also notified to stop logging and to remove himself and his equipment from my property. Even though I felt that the partnership agreement never went into effect, I felt that by giving that notice to withdraw, my relationship with Grizzly and with Lillie would be terminated under the provisions of paragraph 8.2 of the agreement, at least by November 30, 1980."

From that letter, it is evident that plaintiff possessed information from which he knew or should have known that he had a claim against defendant for legal malpractice before March 2, 1981, as a matter of law. The trial court correctly granted defendant's motion for summary judgment on the ground that plaintiff's claims were barred by the two-year Statute of Limitations and should be affirmed.

I respectfully dissent.