Argued and submitted February 24, reversed and remanded June 4, reconsideration
denied July 3, petition for review denied July 29, 1986 (301 Or 445)

# KNIGHT,
*Appellant,*

*v.*

# REW et al,
*Respondents.*

## (28922; CA A34886)

720 P2d 397

James B. Ehrlich, Eugene, argued the cause for appellant. With him on the brief was Larry O. Gildea, P.C., Eugene.

John H. Kottkamp, Pendleton, argued the cause for respondents. With him on the brief was Kottkamp & O'Rourke, Pendleton.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a legal malpractice action. Plaintiff appeals the trial court's order granting defendants' motion for summary judgment on the ground that her claim was time-barred. ORS 12.110(1). The dispositive issue is whether a genuine issue of material fact was raised as to when plaintiff knew, or should have known, that she had a malpractice claim against defendants. We reverse and remand.

We summarize the facts in the light most favorable to plaintiff. *Welch v. Bancorp Management Services,* 296 Or 713, 716, 679 P2d 866 (1984). In December, 1980, plaintiff retained Rew, a partner in Corey, Byler & Rew, to represent her in a marital dissolution. On October 22, 1981, the date set for trial, the parties reached a settlement. Rew advised plaintiff that it was the best settlement that she would be able to get. On October 26, the circuit court signed and entered a decree incorporating the terms of the settlement agreement.

In November, 1981, plaintiff tried to sell a parcel of property awarded to her by the decree. The Union County Planning Commission informed her that the property would have to be partitioned before it could be sold. However, the county refused to allow partition. Rew then moved for a new trial in the dissolution case, claiming that the value of the property was diminished because it could not be partitioned. Rew's motion for a new trial was granted. On January 11, 1982, the parties resolved the problem, and on February 5, Rew moved to vacate the order for a new trial. That motion was granted.

Over the next two months, various other post-decree motions were filed by the parties. On March 25, plaintiff's former husband moved to set aside the decree or, in the alternative, to revise the property descriptions and allocations in the decree due to erroneous descriptions. On April 5, 1982, plaintiff consulted with independent counsel, because she was confused about the status of the decree due to the many motions that had been filed. On April 15, Rew filed a response to plaintiff's former husband's motion, in which Rew requested that the court set aside the decree due to "mistake and excusable neglect of the parties." On June 4, at plaintiff's former husband's request, the trial court entered an order

dismissing his motion. At that time, Rew was still acting as plaintiff's attorney.

On March 21, 1984, plaintiff filed this claim for legal malpractice. She later filed an amended complaint contending that Rew was negligent, *inter alia,* in negotiating and recommending the October 22, 1981, divorce settlement and regarding the partition problem. On September 20, 1984, defendants filed an answer setting out, as an affirmative defense, plaintiff's failure to commence the action within the Statute of Limitations. Defendants moved for summary judgment. Plaintiff was granted leave to file a second amended complaint and filed a memorandum opposing summary judgment. The trial court granted defendants' motion for summary judgment.

■    Defendants, as the moving parties, have the burden of establishing that no genuine issue as to any material fact exists and that they are entitled to a judgment as a matter of law. ORCP 47; *Welch v. Bancorp Management Services, supra,* 296 Or at 716. Further,

> "[o]n defendants' motion for summary judgment, the burden falls upon them even though plaintiff would have had the burden of establishing his claim at the time of trial. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). Further, the record herein is to be viewed in the light most favorable to plaintiff, *Stanfield v. Laccorace,* [288 Or 659, 665, 607 P2d 177 (1980)], including all reasonable inferences of fact therefrom. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 634, 580 P2d 1014 (1978)." 296 Or at 716.

■ ■    The Statute of Limitations in a legal malpractice claim is two years. ORS 12.110(1). The period of limitations does not begin to run until (1) the harm occurs; (2) the plaintiff knows or, in the exercise of reasonable care, should have known of the harm; and (3) the plaintiff knows or, in the exercise of reasonable care, should have known that the harm was caused by the defendant. *U.S. National Bank v. Davies,* 274 Or 663, 667-69, 548 P2d 996 (1976). Thus, the material issues are whether plaintiff knew, or should have known, of any injury and whether she knew, or should have known, that defendants were the cause of her injury before March 21, 1982, two years before she filed her claim. In order to sustain the summary judgment for defendants, we would have to conclude

that there is no genuine issue of material fact regarding plaintiff's knowledge.

In her deposition, plaintiff stated:

"Q. Do you believe that that was something Larry should have done in advance to do a competent job for you?

"A. It seems to me that the property line should have been clearly established so we would know exactly who had which property, yes.

"Q. Do you attribute that to Larry Rew's fault?

"A. Well, I would think if I was an attorney, I would want to have those facts set out, yeah.

"Q. Well, that's part of your complaint as I read it here, you were dissatisfied with the preparations that had been made on the division of property?

"A. Well, it was a big surprise, yes. I didn't believe we could run into so much trouble.

"Q. And did you ever express that to Larry in January of 1982.

"A. I don't know as I did in January of 1982, no. I was still trying to decide whether, you know, I just didn't know whether I was right on this or not. I had not been through this before so I didn't know what was reasonable and what wasn't.

"Q. If I could summarize your statement at that time, you were uncertain as to the reasonableness of the terms of the decree that you were stuck with?

"A. Yes.

"Q. But you did carry some dissatisfaction and had an intent to find out?

"A. Well, dissatisfaction with all the problems I was having trying to get rid of my home and going through all the paperwork we were doing, you know, and having to file these motions and that little item alone cost me $1,368.00. You know that's one reason why I was, you know, kind of upset about it that it took that much to even get to the point—

"Q. Have you paid that amount, by the way?

"A. Yes, I have paid it. I don't know where we are on the billing, paid that or not, but I assume I did. I just paid on the bill.

"Q. But you felt at that time that that particular problem may have been the responsibility of Mr. Rew?

"A.   Yeah.

"Q.   That would have been in January, 1982?

"A.   I would say so."

Defendants contend that plaintiff's deposition statements show that she was aware or on notice of sufficient facts that she should have been aware, as early as January, 1982, that she had a malpractice claim against Rew. They argue that that was sufficient, because a plaintiff is not required to have knowledge of the precise legal theory of liability before she is considered to have notice. *See Melgard v. Hanna,* 45 Or App 133, 607 P2d 795 (1980). Plaintiff contends that her statements merely show that something was troubling her but that she did not know precisely what or that defendant was responsible. She argues that, although she wished that she had not had to go through all these events, she did not know that, had the matter been handled differently, the problems might have been avoided. Thus, she contends, the Statute of Limitations did not begin to run until she was later made aware of facts that would indicate to her that defendants were the cause of her problems. *See Niedermeyer v. Dusenberry,* 275 Or 83, 85-86, 549 P2d 1111 (1976); *Fliegel v. Davis,* 73 Or App 546, 699 P2d 674, *rev den* 299 Or 583 (1985).

We conclude that plaintiff's deposition statements present a genuine issue of material fact as to whether she was aware, or should have been aware, before March 21, 1982, that she had a malpractice claim against defendants. Although those statements may show a set of circumstances from which it could be inferred that she knew, or in the exercise of reasonable care should have known, that she had a claim based on the problem with the property line descriptions, those inferences are for the trier of fact to draw. *Werschky v. Moore,* 75 Or App 169, 706 P2d 572, *rev den* 300 Or 451 (1985). Also, her statements do not indicate that she was aware of the other problems with her dissolution settlement before April 5, 1982, when she spoke with independent counsel. Thus, defendants have not established that, as a matter of law, they are entitled to a judgment.

Reversed and remanded.