Carolyn DEW,
*Appellant,*

*v.*

Norman DeJONG, D.D.S.,
*Respondent.*

(89-01-0003-CV; CA A62605)

804 P2d 505

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Janet M. Schroer, Portland, argued the cause for respondent. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

.

## RICHARDSON, P. J.

Plaintiff appeals from a summary judgment for defendant in this dental malpractice action. The trial court granted defendant's motion on the ground that the action was barred by the two-year Statute of Limitations. ORS 12.110(4).

Defendant treated plaintiff for periodontal problems, extracted her teeth and fitted her with dentures. Substantially more than two years before she brought this action, plaintiff experienced painful and persistent complications. Other dentists whom she consulted apprised her that her problems might be attributable to the ill-fitting dentures and to other aspects of defendant's treatment. However, plaintiff maintains, she was not told and did not in fact discover that defendant was negligent and that his negligence might be related to her problems until less than two years before she brought suit.

Plaintiff contends that there is a disputed and material question for the trier of fact about whether she discovered or should have discovered that she had a claim more than two years before bringing it. She argues that, in cases where the plaintiff does not have "subjective knowledge" of the facts giving rise to a claim, the question of whether the plaintiff should have discovered the claim cannot be decided as a matter of law and is for the fact finder. Plaintiff concludes:

"[T]his Plaintiff, though faced with painful complications, did not know that such problems could have been prevented through non-negligent treatment, therefore leaving a question to be decided by the trier of fact."

Plaintiff's understanding of the "discovery rule" does not take into account the affirmative requirements that it imposes on plaintiffs who invoke it. We said in *Melgard v. Hanna,* 45 Or App 133, 136, 607 P2d 795 (1980):

"When discovery of professional negligence may be said to occur is an objective matter, for a claimant is charged with knowledge which exercise of reasonable care would disclose when facts are known from which the inference flows."

Plaintiff was aware of facts that tied her injuries directly to defendant's treatment and that, as a matter of law, would have put a reasonable person on inquiry about the adequacy of that treatment. The fact that she lacked "subjective knowledge" of

her claim cannot assist her, because that knowledge was discoverable through the inquiry that she was required, but failed, to conduct.[1]

Affirmed.

---

[1] We agree with plaintiff that the "should have known" prong of the discovery rule normally presents a question of fact. *See Peterson v. Mult. Co. Sch. Dist. No. 1,* 64 Or App 81, 668 P2d 385, *rev den* 295 Or 773 (1983). As with other factual questions, however, resolution by summary judgment is appropriate when conclusive and uncontroverted evidence is offered to support the motion.